**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4374**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LAVAR RESHAUD FORD,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Senior District Judge.  (3:13-cr-00163-JRS-1)

Submitted:  November 20, 2014       Decided:  November 26, 2014

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Mary E. Maguire, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavar Reshaud Ford was convicted following a jury trial of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2012). Ford appeals, challenging the district court's denial of his Rule 29 motions for a judgment of acquittal.

We review the district court's denial of a Rule 29 motion de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). We must sustain the jury's verdict if "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Id. (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." United States v. Ashley, 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To convict Ford of being a felon in possession of a firearm and ammunition, the Government had to prove three elements: (1) Ford knowingly possessed a firearm and ammunition; (2) Ford had a prior felony conviction; and (3) the firearm and ammunition traveled in interstate commerce. United

2

States v. Royal, 731 F.3d 333, 337 (4th Cir. 2013), cert. denied, 134 S. Ct. 1777 (2014). Ford concedes that he had a prior felony conviction and that the firearm and ammunition traveled in interstate commerce. However, he argues that the Government did not establish that he actually possessed a firearm and ammunition.

Possession may be proved by showing that Ford actually possessed a firearm and ammunition by exercising physical control over them. United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005). Because the Government introduced ample circumstantial evidence from which a reasonable factfinder could conclude beyond a reasonable doubt that Ford had exercised physical control over a loaded handgun, we conclude that there is sufficient evidence to support the jury's finding that Ford possessed a firearm and ammunition. Thus, the district court did not err by denying Ford's Rule 29 motions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED